## LIMITATION ON RIGHT TO DISMISS WITHOUT PREJUDICE.

[Circuit Court of Cuyahoga County.]

CHARLES A. TURNER v. THE POPE MOTOR CAR COMPANY ET AL.

Decided, December 21, 1906.

*Dismissal—Provision of Section 5314—Giving Right to Plaintiff to Dismiss without Prejudice—Spirit of the Statute—What Constitutes Final Submission—Directed Verdict for Defendant—Procedure—Trial.*

1. Where a bill of exceptions does not purport to contain all of the evidence offered by the plaintiff before resting, a reviewing court can not determine, even under the scintilla rule, that there was an issue of fact proper to be submitted to the jury.
2. A motion by defendant for a directed verdict in his favor, submitted after plaintiff has rested, is in the nature of a demurrer to the evidence, and calls for a decision vital to the controversy; and an effort by plaintiff to dismiss without prejudice comes too late, if delayed until after defendant's motion for a verdict has been granted.

WILDMAN, J. (sitting in place of WINCH, J.) ; MARVIN, J., and HENRY, J., concur.

Error to the Court of Common Pleas.

The plaintiff in error was plaintiff in the court of common pleas of this county, suing the Pope Motor Car Company and the Baker Motor Vehicle Company. He asserts in substance that on or about September 5, 1903, said defendants entered into a contest of speed of automobiles on grounds leased by the Cleveland Automobile Club, and while engaged in said contest they so negligently operated their respective automobiles and drove them at so high a rate of speed that they lost control of them, with the result that they collided, whereupon the car owned by the Baker Motor Vehicle Company was hurled with frightful force and velocity across the track, which it left and crashed through a fence bounding said track and into a crowd of spectators. The plaintiff was one of them, and while in a proper place and one which under ordinary cir-

cumstances was safe, he was struck by the car so leaving the track and received severe injuries. He alleges damages and asks judgment for the same against both defendants.

Issue was taken on these claims and the case proceeded to trial. After the introduction of evidence by the plaintiff he rested his case, whereupon both defendants moved for a verdict. These motions were considered by the court and passed upon, as disclosed by the bill of exceptions, as follows (I quote the language of the trial judge):

"This motion is sustained as to the Pope Motor Car Company for default of proof of its having entered a car. That must be sustained. There is nothing to show that this car was operated by anybody in the employ of the Pope Motor Car Company, and that it owned the car. I find there is no negligence shown against either of these companies, and the motion as to both will be sustained."

Thereupon counsel for plaintiff, after some indulgence for consultation, said to the court:

"I am perfectly satisfied from this deposition and from the claim made here that the Pope Motor Car Company did not enter this car and did not control it. I think there is no doubt about that, but it now develops that a local company, unknown to us, until we appeared in this trial, did enter it and control it.

"I have no objection to the granting of this motion as to the Pope Motor Car Company, because they did not enter and did not control it, but I do not want that motion granted as to the Baker Company, because this plaintiff has a right to bring his action against the party that did enter and control jointly with the Baker. I am asking that as to the Baker Company this action may be dismissed without prejudice."

After some discussion the court took the matter under advisement until the following morning. At that time, on the convening of the court counsel for the plaintiff said:

"The plaintiff now, before any other order is made or found, dismisses this case as to the defendants, without prejudice."

And the jury having been called by the court, counsel for plaintiff renewed his attempt to dismiss in the following words:

"If the court pleases, before any direction to the jury is given in this case, the plaintiff dismisses the same as to both the defendants, without prejudice."

The court thereupon refused to enter the dismissal and directed a verdict for the defendants, which was at once returned by the jury.

To the refusal of the court to enter the dismissal of the case without prejudice, and to the direction given to the jury, plaintiff excepted, and filed his motion for a new trial, asserting as ground therefor not only the refusal to enter the dismissal of the action, but also the instruction to the jury to find for the defendants.

While, as appears from the foregoing statement, the plaintiff expressly conceded the correctness of the court's ruling on the motion to instruct the jury to find for the Pope Motor Car Company, his attempt to dismiss his action without prejudice to another was made to apply to both defendants. I will not spend time in discussion whether any distinction is now to be drawn between their relative rights as to such dismissal. It is very clear, however, that the court's action in charging the jury to find for the Pope Company can not now be relied on as ground for new trial, if the case was still in court for any charge at all.

And as to both defendants we need not tarry long to consider the court's action in sustaining their motions, so far as it is affected by the sufficiency or insufficiency of the evidence. The bill of exceptions, as we read it, does not purport to contain all the evidence which had been offered by the plaintiff before resting; and, as I am informed by my present associates, this court has repeatedly held that it will not presume error of the court below under such circumstances; in other words, that even under the scintilla rule the reviewing court can not determine that there was an issue of fact proper to be submitted to the jury, where such court has not before it the evidence and all of it bearing on such issue.

The remaining question, and that on which most emphasis has been placed in argument, is that raised by plaintiff's effort to dismiss his action against the defendants without prejudice.

Referring to Section 5314 of the Revised Statutes, we find the provision relied on by the plaintiff as sustaining his contention of error, as follows:

"An action may be dismissed without prejudice to a future action. 1. By the plaintiff, before the final submission of the case to the jury, or to the court, when the trial is by the court."

It is urged that the trial here was to the jury and that there was no "final submission of the case" until the jury had been charged by the court. On the other hand, it is contended that when the plaintiff had rested his case, and a motion was addressed to the court by the defendants, raising an issue vital to the determination of the action, the case was thereby submitted to the court, and that an effort by the plaintiff to dismiss after the court had announced its opinion and had sustained the motions, was too late.

It can not be denied that the plaintiff's contention has the support of respectable authority outside of the state; but it should not be adopted unless it is in harmony with the spirit as well as the letter of our statute. An aid to the proper construction of the law may be found in the evident purpose of its enactment and its limitations. That justice should not fail because of technical defects in the preparation and presentation of an action, the right is given to the plaintiff to dismiss and begin anew; but the exercise of this right is limited to a period prior to the final submission of the case. Why this limitation? If the plaintiff has failed in his action by reason of lack of evidence on its first trial, why may he not have repeated retrials at his discretion until he obtains his due? Manifestly because the rights of defendants are involved. They can not justly be subjected to unnecessary loss of time and expense of litigation, to enable the plaintiff to readjudicate his claims after a competent tribunal has once decided them. The motion in this case, presented by the defendants, called for a decision of the court which was vital to the controversy. It was in the nature of a demurrer to the evidence, and we see no reason, when we look to the spirit and purpose of this statute, why it should not be treated much as a demurrer to a petition would be; a

submission to the court of the question whether the case presented by the plaintiff in evidence as in the other case by petition, would warrant a judgment.

Reference in this connection should be made to the case of *Beaumont, Jr., et al v. Herrick*, 24 O. S., 446, furnishing a consideration of the question in a but slightly different aspect. I quote from the syllabus:

"Where a case is submitted to the court on a demurrer to the answer, the ground of the demurrer being that the answer does not contain a defense, and the demurrer is overruled, the plaintiff can not, without the leave of the court, dismiss his action without prejudice. The submission of the case on the demurrer is a final submission of the case within the meaning of Section 372 of the code (now R. S. 5314), unless leave is obtained to reply or amend."

It may be noted in passing that no appeal was made to the court in the case at bar to withdraw a juror and permit the plaintiff on a retrial to fortify his case by additional evidence. Such a procedure would seem somewhat analogous to the amending of a pleading, after demurrer, for insufficiency; a procedure altogether discretionary with the court to grant or refuse.

On page 457 of the opinion in *Beaumont* v. *Fletcher, supra*, it is said as a ground for the holding which I have quoted:

"The legal consequence of the overruling of the demurrer was a judgment of dismissal."

So, in this case, the legal consequence of the court's ruling on defendant's motion was a judgment of dismissal; but, as in the case cited, without preservation of a right to prosecute another suit.

The case of *Crowley* v. *Chamberlain & Co.*, 6 O. D., Reprints, 377, decided by the Hamilton District Court in 1880 and undisturbed and unquestioned so far as we are informed by any subsequent Ohio decisions, is more directly in point. The facts were substantially as in the case at bar, and the court, sustaining the Superior Court of Cincinnati, held that there was no error in refusing permission to the plaintiff to dismiss his action without prejudice.

The case of *Huntt* v. *McNamee*, 141 Fed. Reporter, 293, decided by the United States Circuit Court of Appeals, Fourth Circuit, is to similar effect.

Without further discussion, it is sufficient to say that our view sustains the opinion and judgment of the trial court and the judgment will be affirmed.

*Walter C. Ong, Hurlbut & Hurlbut,* for plaintiff in error.

*Goulder, Holding & Masten,* for Pope Motor Car Company.

*Hoyt, Dustin & Kelley,* for Baker Vehicle Company.

---

### ACTION BY EXECUTRIX ON NOTES.

[Circuit Court of Cuyahoga County.]

ELDORAS S. TUCKER v. ALMA S. SHERMAN.

Decided, December 21, 1906.

*Pleading—Amendment—Substitution of Plaintiff as Executrix for Plaintiff as an Individual—Promissory Notes—Action on—Ownership of—Defenses—Charge of Court—Written Charges which Need not be Sent to the Jury Room—Section 5190.*

1. The requirement of the code that amendments shall be allowed at all stages of a case when in furtherance of justice, is sufficient authority for permitting a plaintiff who has sued in her individual capacity to substitute herself as executrix.

2. Where an executrix, suing on notes, alleges that they were the property of her testator long before they became due, and were his property at the time of his death, and the defendant denies ownership, the production of the notes at the trial is not prejudicial to the defendant, nor is it error to admit them in evidence.

3. The placing of an endorsement upon a note by the payee after the death of the owner in no way affects the question of ownership; and a charge of court to the effect that the possession of the notes, either actual or constructive, by the testator affords a presumption of ownership, is not prejudicial where there is no denial of ownership by the testator at the time of his death, and is not erroneous, although not justified by anything in the evidence.

4. It is not error for a court to refuse to send instructions to the jury which were not requested until after argument.

MARVIN, J.; WILDMAN, J., and HENRY, J., concur.

Error to the court of common pleas.